

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT LEE McKEE | CIVIL ACTION |
| VERSUS | NO. 05-2170 |
| WARDEN ROYCE MAGEE ET AL. | SECTION "D" (2) |

### REPORT AND RECOMMENDATION

Plaintiff, Robert Lee McKee, is a prisoner who, at the time he filed this complaint, was incarcerated in the St. Tammany Parish Jail in Covington, Louisiana.[1] He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Warden Royce McGhee of the St. Tammany Parish Jail (erroneously identified by plaintiff as Warden Royce "Magee"), St. Tammany Parish Sheriff Rodney Jack Strain, Deputy Files, Washington Parish Assistant District Attorney Lewis Murray III (erroneously identified by plaintiff as "Louis" Murray III), Warden C. David Turner of the South Mississippi Correctional Institute, Louisiana Governor Kathleen Blanco, former Louisiana Governor

---

[1] Since that time, McKee has been transferred to another prison facility, the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Record Doc. No. 8.

```
___ Fee _____
___ Process _____
 X  Dktd _____
 ✓  CtRmDep _____
___ Doc. No. _____
```

M.J. Foster, Mississippi Governor Haley Barbour and former Mississippi Governor Ronnie Musgrove. Record Doc. No. 1, Complaint.

McKee asserts claims of kidnaping, breach of contract, illegal transfer and negligence in connection with his allegedly unlawful October 24, 2003 extradition from Mississippi to Louisiana. Id. at p. 5. Plaintiff seeks declaratory and injunctive relief and monetary damages. Id. at p. 11.

Specifically, McKee describes his extradition as kidnaping, breach of contractual obligations and illegal transfer in violation of his rights to due process and equal protection under the law and alleges that he is the victim of "continued confinement by the wrongful custodian." Plaintiff further alleges "the torts of negligence." Id. at p. 5.

Plaintiff states that "[o]n June 24, 2002, defendant Murray filed an application for requistion (sic) pursuant to La.C.C.R.P. art. 274 to defendant Foster. On April 11, 2003 defendant Foster issued a requistion (sic) for extradition under the seal of the State of Louisiana to defendant Musgrove, then governor of the State of Mississippi, for the return of my body to face criminal prosecution on several felonies pursuant to La.C.C.R.P. art. 277. On October 13, 2003, defendant Musgrove signed the rendition warrant." Id. at pp. 7 and 8.

Plaintiff further alleges that "[o]n October 24, 2003 defendants [Warden McGhee] and [Deputy] Files came to the South Mississippi Correctional Institute and took custody from defendant [Warden] Turner and returned me back to the State of Louisiana via Washington Parish for booking and court." Id. at p. 8.

Plaintiff asserts that defendant Murray violated his due process rights when he "caused an (sic) requistion (sic) warrant to be issued," because Murray is not "authorized . . . to apply for the [warrant] as Assistant District Attorney." Plaintiff further asserts that former Governor Foster "issued a requistion (sic) warrant in violation of my due process rights under La. C. Cr. P. art. 274 which authorizes the District Attorney Walter Reed only, to apply for the same causing my custody transfer with deliberate recklessness or complete disregard as to the law governing issuances of the same. Defendant Musgrove signed the rendition warrant with complete disregard for my due process rights . . . ." Id. at p. 9.

Plaintiff further alleges that defendants Turner, McGhee and Files "caused my transfer to the State of Louisiana in violation of my due process rights to an extradition hearing upon my request and a hearing with counsel as indigent nor did I waive the same." Id. at pp. 9 and 10.

3

Plaintiff asserts that he wrote to Sheriff Strain on September 10, 2004, "inform[ing] him that I was being unlawfully held since no extradition hearing was held, although I requested one," but that he received no response. Id. at p. 8. Plaintiff states that Sheriff Strain is "causing my continued confinement in violation of m[y] due process and right to counsel to an extradition hearing under both the State of Louisiana and Mississippi once brought to his attention." Id. at p. 10.

McKee states that "the re-extradition agreement violates my due process rights under La.C.C.R.P. art. 278 since the agreement was not conditioned upon my return to the State of Mississippi upon their request [and] [t]hat due to the intentional and/or unlawful acts of all defendants I was unlawfully convicted in violation of my due process rights and my right to effective counsel. . . . [A]ll parties are soidarily (sic) liable for prescription liability and venue purposes." Id. at p. 10.

In his demand for relief, plaintiff seeks $10 million in compensatory damages, $5 million in punitive damages, declaratory and injunctive relief and "any and all relief I'm entitled to but not specifically prayed for." Id. at p. 11.

## ANALYSIS

I. <u>STANDARDS OF REVIEW</u>

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005 (5th Cir. 1998); <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's complaint may be dismissed either under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[2] In addition, the habeas corpus aspects of plaintiff's claims must be dismissed without prejudice because plaintiff has not exhausted his state court remedies.

---

[2] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

6

II.     HECK BARS SECTION 1983 CLAIMS

McKee seeks both monetary damages and injunctive relief for his claim that he was unlawfully extradited from Mississippi to Louisiana. In either case, however, his claims must be dismissed at this time. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted).

Plaintiff's claims concerning his alleged illegal extradition are clearly connected to the validity of his conviction and present confinement. Heck, 512 U.S. at 479;

Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1997); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994).

McKee's complaint indicates that he was convicted on February 23, 2005 and that, at the time of filing this complaint, he was in custody in the St. Tammany Parish jail. Record Doc. No. 1, Complaint at ¶ 3. His conviction and continued confinement have not been set aside in any of the ways described in Heck. Thus, any claims for damages or other relief that plaintiff asserts concerning his conviction and continued confinement are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

III.   HABEAS CORPUS CLAIMS

As noted above, McKee's complaint in part challenges the very fact and duration of his confinement. Although his suit is styled as a civil rights action under 42 U.S.C. § 1983 and filed on a form normally reserved for Section 1983 complaints, he challenges the validity of his extradition, conviction and continued confinement. This is not the proper action in which to assert these habeas corpus type claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus

relief rather than civil rights relief under Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although McKee filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his confinement. Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent'

of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, McKee does not allege and there is no proof that he has exhausted his state court remedies. On the contrary, on the first page of his complaint, McKee indicates that he has not begun any other lawsuits in state or federal court dealing with the same facts involved in this action, Id. p.1, ¶ I (A). Furthermore, research by staff of the undersigned magistrate judge with the Louisiana Supreme Court clerk's office indicates that McKee has not sought review of the validity of his current incarceration in the Louisiana Supreme Court. Accordingly, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to allow him to pursue state court appellate and post-conviction remedies concerning his alleged improper extradition leading to his criminal conviction, before returning to this court with a properly filed habeas corpus petition.

IV.   STATE LAW CLAIMS

Plaintiff has also asserted various state law claims against defendants, including breach of contract and negligence, relying upon the court's supplemental subject matter jurisdiction to assert these purely state law claims. Record Doc. No. 1, Complaint at p. 6. However, because the federal claims he asserts must be dismissed as discussed above, plaintiff's pendent state law breach of contract and negligence claims should be dismissed without prejudice to permit plaintiff to assert them if he chooses to do so in state court. 28 U.S.C. § 1367(c)(3).

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted, or because it seeks monetary relief against immune defendants under 28 U.S.C. § 1915(e)(2), or under Heck.[3]

---

[3]Because this complaint must clearly be dismissed on the grounds discussed above, this report contains no discussion of the other shortcomings in plaintiff's complaint, including the immunity of several of the named defendants from civil liability and his failure to name any proper defendant as to the claims he seeks to assert.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in the complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**IT IS FURTHER RECOMMENDED** that plaintiff's pendent state law claims be **DISMISSED WITHOUT PREJUDICE** to being reasserted in state court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Houma, Louisiana, this 12th day of October, 2005.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE